UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | 22-CR-310-APM |
| | : | |
| v. | : | |
| | : | UNDER SEAL |
| GARNELL LUCAS, | : | |
| JUSTIN JAMES WHITE, | : | |
| LAURA GARVIN, | : | |
| BILAAL BRIGGS, and | : | |
| CHASE COLE, | : | |
| | : | |
| Defendants. | : | |

**GOVERNMENT'S MOTION TO PARTIALLY UNSEAL
THE CRIMINAL INDICTMENT AND OTHER PLEADINGS,
RECORDS, PROCEEDINGS AND FILES**

The United States, by and through its attorney, Matthew M. Graves, the United States Attorney for the District of Columbia, hereby respectfully submits this motion to partially unseal the criminal indictment, bench warrants, as well as all other pleadings, proceedings, records and files in this case, including the instant motion to partially unseal, as to defendants Garnell Lucas, Justin James White, Laura Garvin, Bilaal Briggs, and Chase Cole. In support of this motion, the government states as follows:

Defendants Lucas, Garvin, Briggs, and Cole have been arrested and the Honorable G. Michael Harvey heard returns on their arrest warrants in this Court on September 21, 2022. Defendant White has also been arrested. The Honorable James E. Gates of the U.S. District Court for the Eastern District of North Carolina heard Defendant White's return on arrest warrant on September 21, 2022. The United States hereby moves to unseal the case as to these five defendants.

The United States requests the docket, criminal indictment, bench warrants, as well as all other pleadings, proceedings, records and files, remain sealed as to the sixth defendant who has

not yet been arrested.

The sixth defendant, who has not yet been arrested, is a target of a criminal investigation of a complex drug trafficking operation involving a Conspiracy to Possess with Intent to Distribute Controlled Substances (fentanyl), in violation of Title 21, United States Code, Section 846. The defendant is also a target in a criminal investigation involving Conspiracy to Commit Wire, in violation of Title 18, United States Code, Section 1349.

Law enforcement believes that, while the sixth defendant is aware of a premises search that occurred at the residence of some co-conspirators in March 2022, the defendant is unaware of the specific status of the criminal investigation. The disclosure in the public records of the indictment and bench warrant as to the sixth defendant may hinder law enforcement's efforts in apprehending the target and may also endanger law enforcement personnel. Accordingly, it is essential that any information concerning the defendant having a pending case in this district be kept sealed for the time being.

Based on the nature of the ongoing criminal investigation, the government submits that public disclosure of the Indictment and accompanying documents as to the sixth defendant would likely compromise the criminal investigation by: (1) placing the personal safety of law enforcement officials and innocent third parties at substantial risk; (2) alerting the defendant of the exact status of the investigation; and (3) causing the defendant and other possible targets to destroy documents and other evidence. Each of these factors is particularly important in this instance because violent reprisals are common to major criminal violators in general.

It is common practice for individuals associated with criminal organizations to check the public record in the Criminal Clerk's office to ascertain whether the government has filed any pleadings under seal in cases against former associates. Consequently, public notice of the filing

of the sealed pleadings or proceedings, itself, is likely to compromise any ongoing criminal and grand jury investigation that would stem from this case, and present a substantial risk to the personal safety of undercover agents and other law enforcement officials taking part in the covert investigation, and, in some cases, innocent bystanders.

Accordingly, the government submits that these facts present an extraordinary situation and a compelling governmental interest which justify not only the sealing of the criminal indictment and all other pleadings, records, proceedings, and files in this case as to the sixth defendant, but also a delay in the public docketing of the filing of these sealed pleadings and the accompanying order until:(1) the substantial risk to the personal safety of cooperating individuals; and (2) the government represents that it can continue its criminal investigation without substantial risk that it would be jeopardized due to the public docketing of the fact that sealed pleadings have been filed in this case.  See Washington Post v. Robinson, 935 F.2d 282, 289 (D.C. Cir. 1991).

An indictment with proposed redactions for public docketing is attached to this motion.

WHEREFORE, it is respectfully requested that this motion be granted.

            Respectfully submitted,

            MATTHEW M. GRAVES
            United States Attorney
            D.C. Bar No. 481052


By:     /s/
     MARNEE R. RAND
     DC Bar No. 888273318
     Special Assistant United States Attorney
     Violence Reduction & Trafficking Offenses Section
     601 D Street, NW, 5th Floor
     Washington, DC 20530
     (202) 252-7562
     marnee.rand2@usdoj.gov